E-FILED
Friday, 01 October, 2021  03:22:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CARLOS E. NOLASCO MORALES, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| JOHN FLACK, M.D., ANDREW J. ) | |
| VARNEY, M.D., and ANGELA K. ) | |
| DOOLIN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Carlos E. Nolasco Morales, M.D. ["Nolasco"], and for his causes of action against the Defendants,  John Flack, M.D. ["Flack"], Andrew J. Varney, M.D. ["Varney"], and Angela K. Doolin ["Doolin"], states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337, together with Title 42, United States Code, Sections 1983 and 1988.  This is a civil action arising under the laws of the United States.  Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to citizens of the United States protections against the acts of public officers which infringe upon their rights under the Constitution of the United States.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since each of the Defendants resides within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## PARTIES

1.  That Nolasco is an adult resident of Sangamon County, Illinois.  At times relevant to this case, he worked for Southern Illinois University ["University"] as an assistant professor in its School of Medicine.

2.  That Flack at times relevant to this case served the University and its School of Medicine as a professor and chairperson of its Department of Internal Medicine ["Department"].

3.  That Varney at times relevant to this case served the University and its School of Medicine as a professor and chairperson of its Division of General Internal Medicine ["Division"].  He was the immediate supervisor of Nolasco.

4.  That Doolin at times relevant to this case served the University and its School of Medicine as an official in its Human Resource Department.

## ALLEGATIONS COMMON TO ALL COUNTS

5.  That the University, a body politic and corporate, was created by and operates pursuant to the terms of the "Southern Illinois University Management Act" [110 ILCS 520/0.01 et.al.].  At all times relevant to this proceeding, it provided various programs of higher education which included its program of medical education at its School of Medicine.

6.  That the Division is a part of the Department in the University's School of Medicine.

7.  That on July 20, 2015  Nolasco joined the faculty of the University's School of Medicine.  He remained an employee of the University until April 30, 2020 when the term of his faculty appointment came to an end.

8.   That at all times Nolasco, a board certified internist, worked in the Division as an assistant professor of internal medicine.

9.   That Nolasco's compensation from the University came from the following two sources:

a) his faculty salary which in the 2019/2020 academic year was $121,425.60; and

b) his clinical income coming from his medical care of patients for SIU Physicians and Surgeons, Inc. ["P&S"], the medical practice arm of the School of Medicine.  In the academic year 2018/2019 Nolasco's income from his clinical practice was approximately $101,345.98.

10.   That as a physician and full time faculty member of the University's School of Medicine Nolasco was eligible to be a member of P&S.  As a member, he could engage in the clinical practice of  medicine by treating patients and receiving compensation for the medical services he provided.

11.   That in February, 2015 Nolasco entered into a Member Practice Agreement ["Agreement"] with P&S [also known as SIU Healthcare, Inc.].  The Agreement became effective on July 1, 2015 and was in effect on October 3, 2019.

12.   That under the terms of the Agreement Nolasco, as a member of P&S, was entitled to maintain a clinical practice of medicine with it while he had a faculty appointment with the University's School of Medicine unless the Agreement was either terminated for a cause as stated in the Agreement or the member elected to terminate it.

13.   That between July of 2015 and October 3, 2019 Nolasco at all times actively engaged in the clinical practice of medicine as a member of P&S.  He regularly treated patients and was compensated for his services.

14.  That Nolasco's work as a faculty member of the University's School of Medicine involved instructing medical students during their internal medicine rotation.  He did this as a part of his clinical activities with P&S.

15.  That on October 3, 2019 Nolasco's appointment as a faculty member of the University's School of Medicine was, under the policies of the University, to continue to at least April 30, 2020.

16.  That on October 3, 2019 Nolasco met with both Varney and Doolin.  At the time of that meeting, Nolasco was informed that he was being placed on administrative leave because of concerns about his behavior.  When he asked what the concerns were that motivated the action being taken against him, both Varney and Doolin were reluctant to give a reason.

17.  That under the terms of the administrative leave Nolasco was both relieved of his faculty assignment and prevented from continuing his clinical practice of medicine with P&S.

18.  That immediately following October 3, 2019 the patients Nolasco was treating in furtherance of the Agreement were reassigned to other physicians and faculty members, residents and staff were informed that Nolasco would no longer treat patients.

19.  That because of the unwillingness of Varney and Doolin to give him a reason for the actions described above Nolasco had to exercise rights under the "Illinois Personnel Record Review Act" [820 ILCS 40/2] to compel the University to give its reasons for the administrative leave.

20.  That in response to the request referred to above Nolasco became aware that the administrative leave was motivated because of alleged acts of misconduct on Nolasco's part. The allegations relied upon by the University which were contained in its response to his request

were without merit and not a reasonable basis for the disciplinary action taken by it.

21.  That by virtue of the conduct described in paragraph 16 above Nolasco was unable to earn clinical income from October 3, 2019 through April 30, 2020 which represented a significant component of his compensation package in his employment with the University.

22.  That prior to the assessment of the discipline taken against him as described in paragraph 16 above Nolasco was never:

a) informed of the possibility that disciplinary action would be taken against him;

b) informed of the reasons why disciplinary action was contemplated; and

c) given the opportunity to respond to those reasons.

### COUNT I

For his cause of action against Varney, Nolasco states as follows:

1.- 22.  That for paragraphs 1 through 22 of Count I Nolasco repeats paragraphs 1 through 22 from above.

23.  That the conduct described above occurred under color of law.

24.  That by virtue of the Agreement Nolasco, as a faculty member of the University, possessed a property interest as a member of P&S in maintaining a clinical practice of medicine during the period of his faculty appointment with the School of Medicine.

25.  That Varney either made or participated in making the decision to take the disciplinary action against Nolasco as described in paragraph 16 above.

26.  That by virtue of the property interest held by Nolasco in connection with his employment for the University as a member of P&S he was prior to the deprivation of that interest entitled to both:  a) an opportunity to be made aware of the reasons discipline was

contemplated against him; and b) a reasonable and meaningful opportunity to respond to those reasons before any decision concerning discipline was made.

27. That Varney made or participated in making the decision to deprive Nolasco with his rights under the Agreement without providing him with a meaningful pre-deprivation process. In so doing Nolasco was deprived of a property interest without due process of law contrary to the rights afforded to him under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

28. That as a direct and proximate result of the foregoing conduct Nolasco lost his entitlement to maintain a clinical practice of medicine and sustained the loss of salary and other benefits arising out of his membership in P&S. Additionally, he has suffered emotional pain and anguish, damage to his reputation, emotional distress, inconvenience and the loss of enjoyment of life.

## COUNT II

For his cause of action against Doolin, Nolasco states as follows:

1.- 22. That for paragraphs 1 through 22 of Count II Nolasco repeats paragraphs 1 through 22 from above.

23. That the conduct described above occurred under color of law.

24. That by virtue of the Agreement Nolasco, as a faculty member of the University, possessed a property interest as a member of P&S in maintaining a clinical practice of medicine during the period of his faculty appointment with the School of Medicine.

25. That Doolin either made or participated in making the decision to take the disciplinary action against Nolasco as described in paragraph 16 above.

26.  That by virtue of the property interest held by Nolasco in connection with his employment for the University as a member of P&S he was prior to the deprivation of that interest entitled to both:  a) an opportunity to be made aware of the reasons discipline was contemplated against him; and b) a reasonable and meaningful opportunity to respond to those reasons before any decision concerning discipline was made.

27.  That Doolin made or participated in making the decision to deprive Nolasco with his rights under the Agreement without providing him with a meaningful pre-deprivation process. In so doing Nolasco was deprived of a property interest without due process of law contrary to the rights afforded to him under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

28.  That as a direct and proximate result of the foregoing conduct Nolasco lost his entitlement to maintain a clinical practice of medicine and sustained the loss of salary and other benefits arising out of his membership in P&S.  Additionally, he has suffered emotional pain and anguish, damage to his reputation, emotional distress, inconvenience and the loss of enjoyment of life.

## COUNT III

For his cause of action against Flack, Nolasco states as follows:

1.- 22.  That for paragraphs 1 through 22 of Count III Nolasco repeats paragraphs 1 through 22 from above.

23.  That the conduct described above occurred under color of law.

24.  That by virtue of the Agreement Nolasco, as a faculty member of the University, possessed a property interest as a member of P&S in maintaining a clinical practice of medicine

during the period of his faculty appointment with the School of Medicine.

25.  That on information and belief Nolasco asserts that Flack either made, directed or participated in making the decision to take the disciplinary action described in paragraph 16 above.

26.  That by virtue of the property interest held by Nolasco in connection with his employment for the University as a member of P&S he was prior to the deprivation of that interest entitled to both:  a) an opportunity to be made aware of the reasons discipline was contemplated against him; and b) a reasonable and meaningful opportunity to respond to those reasons before any decision concerning discipline was made.

27.  That on information and belief Flack made or participated in making the decision to deprive Nolasco with his rights under the Agreement without providing him with a meaningful pre-deprivation process.  In so doing Nolasco was deprived of a property interest without due process of law contrary to the rights afforded to him under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

28.  That as a direct and proximate result of the foregoing conduct Nolasco lost his entitlement to maintain a clinical practice of medicine and sustained the loss of salary and other benefits arising out of his membership in P&S.  Additionally, he has suffered emotional pain and anguish, damage to his reputation, emotional distress, inconvenience and the loss of enjoyment of life.

WHEREFORE, the Plaintiff, Carlos E. Nolasco Morales, M.D., respectfully requests that this Court enter judgment in his favor and against the Defendants and provide the following relief:

A.  Enter a declaratory judgment determining that the actions complained of in this Complaint are unlawful in violation of the provisions of 28 U.S.C. § 1983 and 1988;

B.  Award Nolasco damages sufficient to compensate him for economic losses suffered as a result of the conduct as alleged in this Complaint;

C.  Award Nolasco such compensatory damages as are reasonable under the circumstances;

D.  Assess against the Defendants the costs and expenses incurred by Nolasco in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause;

E.  Assess against the Defendants and in favor of Nolasco such exemplary damages as may be permitted by law; and

F.  Provide such other relief as the Court deems to be equitable and just.

THE PLAINTIFF, CARLOS E. NOLASCO MORALES, M.D., RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THIS PROCEEDING WHICH MAY BY LAW BE PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.

Carlos E. Nolasco Morales, M.D., Plaintiff

By:   /s/ James P. Baker
        James P. Baker
        Bar Number: 0097802
        Baker, Baker & Krajewski, LLC
        415 South Seventh Street
        Springfield, Illinois  62701
        Telephone:  (217) 522-3445
        Facsimile:  (217) 522-8234
        E-mail:  jpb@bbklegal.com
        (Complaints/ nolasco carlos federal 092821)